# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **VIRGINIA THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-581-BAJ-RLB** |
| **BURLINGTON COAT FACTORY**<br>**WAREHOUSE CORPORATION** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 4, 2026.

                                                     **RICHARD L. BOURGEOIS, JR.**
                                                     **UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **VIRGINIA THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-581-BAJ-RLB** |
| **BURLINGTON COAT FACTORY WAREHOUSE CORPORATION** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 6). The motion is opposed. (R. Docs. 10).

**I.   Background**

On or about December 13, 2024, Virginia Thomas ("Plaintiff") initiated this personal injury action against Burlington Coat Factory Warehouse Corporation ("Defendant") in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana. (R. Doc. 1-1, "Petition").

In the Petition, Plaintiff alleges that while shopping at a Burlington store, "she stepped on a metal object, which was part of [a] broken hanger, which pierced her right foot through the bottom of her boot and subsequently caused immediate pain in the ball of her foot." (Petition ¶ 2). Plaintiff alleges that she suffered a puncture wound, pain, swelling, limited use and range in motion in the affected area, sleep and appetite interruption, and other unstated injuries. (Petition ¶ 7). Plaintiff specifically alleges that "Plaintiff believes that her damages do not exceed $50,000.00 (fifty-thousand dollars) exclusive of interest and court costs." (Petition ¶ 8).

On June 5, 2025, Plaintiff provided responses to Defendant's requests for admission, including a "denied as written" response to a request for admission that the jurisdictional minimum to support diversity jurisdiction was not satisfied:

**Request for Admission No. 15**

Admit that you claim damages related to this litigation [that] do not exceed $75,000.00, exclusive of interest and costs.

**Answer**:

Denied as written. The Plaintiff defers to the opinions of her treating providers and CC Article 2324.1.

(R. Doc. 1-2 at 3).

On July 3, 2025, Defendant removed this action asserting that the Court can properly exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. (R. Doc. 1). With respect to the amount in controversy requirement, Defendant asserts that "on June 5, 2025, Defendant was served with Plaintiff's Response to Request for Admission stating that her damages exceeded $75,000.00." (R. Doc. 1 at 3) (citing R. Doc. 1-2). Defendant further asserts that "Plaintiff's Response to the Request for Admission stating that her damages exceed $75,000.00 renders the jurisdictional amount in controversy clearly facially apparent." (R. Doc. 1 at 5).

On July 31, 2025, Plaintiff filed the instant Motion to Remand, arguing that the Court lacks diversity jurisdiction in this action because Defendant has not established that the jurisdictional minimum is satisfied. (R. Doc. 6). While Plaintiff concedes that there is complete diversity, she asserts that "the amount in controversy does not exceed $75,000.00 at this time" and Defendant "has not provided any competent evidence that the Plaintiff's claims exceed" the jurisdictional minimum. (R. Doc. 6 at 1). Plaintiff does not directly address her qualified response to Request for Admission No. 15.

In response, Defendant argues that while the amount in controversy was not facially apparent from the Petition, Plaintiff "responded to a Request for Admission stating that her damages exceed $75,000.00." (R. Doc. 10 at 3) (citing R. Doc. 1-2). Defendant again states that

2

"in response to discovery, Plaintiff admitted that her damages exceeded $75,000," which "proves by a preponderance of the evidence and provides the 'summary judgment' type evidence relied on by the courts to establish that the amount in controversy requirement has been satisfied." (R. Doc. 10 at 4). In short, Defendant relies solely on Plaintiff's response to Request for Admission No. 15 in support of a finding that the jurisdictional minimum has been satisfied.

## II. Law and Analysis

### A. Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the

federal forum."). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) ("[P]arty seeking to invoke federal diversity jurisdiction bears the burden of [proof]."); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions, but are required, if applicable, to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar*, 47 F.3d at 1412.

B.     Analysis

As the parties do not dispute that there is complete diversity, the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

There is no dispute that the amount in controversy requirement is not facially apparent based solely on the Petition. Consistent with state law, Plaintiff did not demand recovery of a specific amount in the Petition. The Petition also does not provide sufficient factual allegations for determining the severity of Plaintiff's injuries. While Plaintiff references a puncture wound, swelling, pain, a limited range of motion, and loss of sleep and appetite, there is no dispute that these general allegations, without more, do not support a finding that the jurisdictional amount is satisfied. (Petition ¶ 9). Plaintiff does not seek recovery for lost earning capacity or lost wages. Plaintiff does not identify any medical expenses incurred. Finally, Plaintiff specifically alleges that she believes her damages do not exceed $50,000, exclusive of interest and court costs. (Petition ¶ 8).

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D.

5

La. Dec. 30, 2002)), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012). "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

Because the amount in controversy is not facially apparent, the Court will consider whether Defendant has set forth any facts in controversy, or submitted summary judgment type evidence, that support a finding of the jurisdictional minimum. To meet its burden, Defendant relies solely on Plaintiff's qualified denial that her damages do not exceed the jurisdictional amount. (R. Doc. 1-2 at 3).

District courts within the Fifth Circuit have looked to responses to requests for admissions served prior to removal in determining whether the amount in controversy requirement is satisfied. Some courts have held that where plaintiffs denied that they were seeking less than the jurisdictional amount or admitted that they were seeking more than the jurisdictional amount, the amount in controversy is satisfied. *See*, *e.g.*, *Freeman v. Witco, Corp.*, 984 F. Supp. 443 (E.D. La. 1997) (amount in controversy requirement satisfied where the plaintiff denied that he would not seek damages or execute on any judgment rendered in his favor against any of the defendants in excess of $75,000); *Ives v. Kroger Texas L.P.*, No. 17-11, 2017 WL 1321000 (N.D. Tex. Mar. 17, 2017) (amount in controversy requirement satisfied where the plaintiff admitted that she was seeking damages in excess of $75,000), *report and recommendation adopted*, 2017 WL 1296598 (N.D. Tex. Apr. 7, 2017); *Garcia v. State Farm Lloyds*, No. 08-829, 2009 WL 10669517 (W.D. Tex. Feb. 3, 2009) (amount in controversy

6

requirement satisfied where the plaintiff denied that the damages sought in the case did not exceed $75,000).

Other courts have refused to find that the amount in controversy requirement is satisfied, despite the plaintiffs' denial that they were seeking less than the jurisdictional amount or admission that they were seeking more than the jurisdictional amount, in light of the allegations in the petition, other evidence in the record, or both. *See*, *e.g.*, *Gody v. Lowes Home Centers LLC*, No. 25-01349, 2025 WL 3214636, at *2 (W.D. La. Oct. 28, 2025) ("While the Court appreciates Plaintiff's judicial admission regarding the amount in controversy, said admission is not dispositive, and Lowes failed to provide the Court with any other evidence (i.e., medical records, reports, bills, etc.) or any similarly situated caselaw to support a finding that the damages in this case could exceed $75,000.00."), *report and recommendation adopted*, 2025 WL 3209031 (W.D. La. Nov. 17, 2025); *Gardner v. Cato Corp.*, No. 18-01152, 2019 WL 1213020, at *2 (W.D. La. Feb. 19, 2019), *report and recommendation adopted*, 2019 WL 1213137 (W.D. La. Mar. 14, 2019) (remanding action where, prior to removal, the plaintiff "denied the defendant's requests for admission that the damages in this case do not exceed . . . $75,000.00 . . . on the basis of 'prematurity as medical treatment [was] still ongoing.'"); *Cabrera v. Toys R US-Delaware*, No. 12-1319, 2012 WL 2935685 (E.D. La. July 17, 2012) (amount in controversy not satisfied in slip-and-fall action despite plaintiff's admission that she claimed damages in excess of the jurisdictional amount where the medical records evidenced that the plaintiff had only incurred $803 in medical expenses); *Hall v. Foremost Ins. Group*, No. 08-4065, 2008 WL 4507822 (E.D. La. Oct. 2, 2008) (amount in controversy not satisfied in insurance coverage lawsuit despite plaintiff's admission that the amount in controversy exceeded $75,000, where the policy limits at issue did not exceed $75,000); *Lund v. Wal-Mart Stores, Inc.*, No. 00-167, 2000

WL 264003 (E.D. La. Mar. 8, 2000) (amount in controversy not satisfied despite the plaintiff's denial that her damages did not exceed $75,000, where the plaintiff alleged that she sat in a chair that collapsed while shopping at the defendant's store).

This Court has considered a response to a request for admission to constitute summary judgment type evidence for determining the jurisdictional amount, but has not held that a response, without more, was sufficient for satisfying a removing defendant's burden of demonstrating that the jurisdictional amount is satisfied. *See Pylant v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 17-189-BAJ-RLB, 2017 WL 3446536, at *5 (M.D. La. June 29, 2017), *report and recommendation approved,* 2017 WL 3446029 (M.D. La. Aug. 10, 2017); *see also Moorhouse v. Liberty Cnty. Mut. Ins. Co.*, No. 23-1198, 2023 WL 3552232, at *3 (E.D. La. May 18, 2023) ("Defendants' reliance upon Plaintiff's negative responses to two requests for admission, alone, does not satisfy their affirmative duty to show that the amount in controversy is met in this case.");

Here, Defendant relies solely on Plaintiff's qualified response to a request for admission that Plaintiff's damages do not exceed the jurisdictional amount. Defendant has not submitted any other summary judgment type evidence (such as medical records or invoices, pre-removal settlement demands, etc.) in support of a finding that the jurisdictional amount is met. Having considered the pleadings and the evidence in the record, the Court concludes that Defendant has not met its burden of establishing that the jurisdictional amount is satisfied based solely on Plaintiff's qualified response. *See Leger v. Hudson Ins. Co.*, No. 21-00248-BAJ-RLB, 2021 WL 3662071, at *3 (M.D. La. Aug. 18, 2021) (remanding action for failing to satisfy the jurisdictional minimum despite correspondence regarding plaintiff's specific medical condition, quantum research regarding similar injuries, and the plaintiff's denial that her "damages do not

exceed $75,000.00 and that you do not waive entitlement to recover any amount in excess of $75,000.00, inclusive of all costs, interest, and attorneys' fees, in this case"); *Hill v. DG Louisiana, LLC*, No. 21-325-SDD-EWD, 2022 WL 3146554, at *7 (M.D. La. July 1, 2022) ("In response to a request to admit that her damages are less than $75,000, exclusive of interests and costs, Plaintiff responded: 'Plaintiff denies for lack of sufficient evidence thereof.' Although this is technically a denial that her damages are less than $75,000, it is a denial for lack of sufficient information and, therefore, not the type of unambiguous statement regarding the jurisdictional amount that provides support that the amount in controversy requirement is met."), *report and recommendation adopted*, 2022 WL 3142339 (M.D. La. Aug. 5, 2022); *see Cabrera*, 2012 WL 2935685, at *2 ("Accepting plaintiffs' admissions that they intend to seek more than the jurisdictional minimum (or, as in the cases above, deny that they don't intend to seek less than the jurisdictional minimum) would offer parties a tool to consent to subject matter jurisdiction, which is not permitted.").

The Court notes that it appears that Defendant removed this action within 30-days of receipt of Plaintiff's responses to the requests for admission on the theory that Plaintiff's denial triggered a 30-day removal period. With the contradiction between the petition and the qualified denial referenced above, Defendant's action is understandable.

With regard to triggering the 30-day time period from the Defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in Section 1446(b)(3), the Fifth Circuit has stated that the 30-day removal period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). Accordingly, Plaintiff's qualified response to the request for admission at

9

issue would not have qualified as an "unequivocally clear and certain" statement regarding the jurisdictional amount that would trigger the 30-day removal period under Section 1446(b)(3).[1]

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 6) be **GRANTED**, and this action be **REMANDED** to the 19th Judicial District, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on February 4, 2026.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] That said, Plaintiff will need to address the scope of the relief sought as this matter prepares for trial in state court. Execution of a binding stipulation that the amount in controversy does not exceed $75,000, for example, would ensure that this court lacks jurisdiction. Continued qualified denials once the scope of medical treatment and injuries is certain, or other actions constituting a deliberate failure to disclose the amount in controversy to prevent removal, would support a finding of bad faith under 28 U.S.C. § 1446(c).